UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10245-RGS

CARLOS MAURICIO MALDONADO-VELASQUEZ

v.

ANTONE MONIZ

ORDER ON MOTION TO DISMISS

August 14, 2017

STEARNS, D.J.

Petitioner Carlos Mauricio Maldonado-Velasquez, an immigration detainee, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he is entitled to a bond hearing at which the government is required to prove his dangerousness by clear and convincing evidence. The refusal to provide such a hearing, he argues, violates the U.S. Constitution, the Administrative Procedure Act (APA), and the immigration laws. The government has moved to dismiss. For the following reasons, the court will grant the motion and dismiss the petition.

BACKGROUND

Maldonado-Velasquez, a citizen of Honduras, unlawfully entered the United States as an unaccompanied minor in August of 2013 (he was then aged 15). He was quickly apprehended and placed in removal proceedings.

During the pendency of those proceedings, he was released to the care of relatives in the Boston area. In the ensuing months, he compiled a lengthy record of arrests for violent crimes and drug offenses. In July of 2016, he was taken into custody by Immigration and Customs Enforcement (ICE), and has since been held at the Plymouth County Correctional Facility.

After his detention, Maldonado-Velasquez requested and received a discretionary bond hearing. *See* 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). At that hearing, he was assigned the burden of demonstrating by clear and convincing evidence that he is not "a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk." *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006); *see* 8 C.F.R. § 1003.19(h)(3). The Immigration Judge concluded that Maldonado-Velasquez had not carried this burden, citing evidence of his ties to a violent gang in the Boston area and his extensive arrest record. Maldonado-Velasquez appealed to the Board of Immigration Appeals (BIA), which affirmed the Immigration Judge's decision. Maldonado-Velasquez then filed this habeas petition.

DISCUSSION

In turning to the substance of Maldonado-Velasquez's petition, this court does not write on a blank slate. Although the First Circuit has yet to

rule on whether the government or the alien bears the burden of proof in a § 1226 bond hearing, or the standard to be applied, *see Reid v. Donelan*, 819 F.3d 486, 492, 501 (1st Cir. 2016) (declining to reach the issue under 8 U.S.C. § 1226(c)), other Circuits have. *Compare Lora v. Shanahan*, 804 F.3d 601, 616 (2d Cir. 2015) (assigning the burden to the government by clear and convincing evidence under § 1226(c)), *and Singh v. Holder*, 638 F.3d 1196, 1203-1205 (9th Cir. 2011) (same, with respect to § 1226(a)), *with Sopo v. Att'y Gen.*, 825 F.3d 1199, 1219-1220 (11th Cir. 2016) (holding that under § 1226(c) the alien bears the burden of proof by clear and convincing evidence); *see also Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 478 (3d Cir. 2015) (requiring the government "to produce individualized evidence" that the continued detention of an alien under § 1226(c) is "necessary," but without specifying the standard of proof). The Supreme Court agreed to decide this issue (among others) in *Jennings v. Rodriguez*, No. 15-1204, and heard argument in November of 2016. However, the Court recently set the case for reargument in October of 2017. Given Maldonado-Velasquez's continuing detention, the court feels compelled to rule on the merits of his challenge now rather than wait possibly a year for a decision from the Supreme Court.

Fortuitously, the court need not reach the merits of the constitutional argument[1] in deciding the motion to dismiss. Even assuming that Maldonado-Velasquez is correct about the allocation of the burden of proof, he was not prejudiced by the misallocation of that burden at his bond hearing. *See Singh*, 638 F.3d at 1205 (engaging in a prejudice analysis).

---

[1] Maldonado-Velasquez's argument under the APA, though creative, fails. He concedes that § 1226(a) is silent as to the burden of proof. In general, the BIA is entitled to deference for reasonable interpretations of silences in the immigration laws, *see Soto-Hernandez v. Holder*, 729 F.3d 1, 3 (1st Cir. 2013), and there is nothing unreasonable about the BIA's interpretation of the burden of proof. Maldonado-Velasquez argues that the BIA's adoption of the current framework in *Matter of Adeniji*, 22 I. & N. Dec. 1102 (BIA 1999), represents an unexplained (and therefore arbitrary and capricious) departure from prior agency practice. *See Smiley v. Citibank (South Dakota), N.A.*, 517 U.S. 735, 742 (1996). Yet *Matter of Adeniji* recognized that it was departing from previous BIA precedent and applied a regulation codifying that shift promulgated by the Immigration and Naturalization Service (INS). 22 I. & N. Dec. at 1103, 1111-1113. That regulation also acknowledged the shift and explained the agency's reasoning. *See* Inspection and Expedited Removal of Aliens; Detention and Removal of Aliens; Conduct of Removal Proceedings; Asylum Procedures, 62 Fed. Reg. 10,312, 10,323 (1997). Finally, the rule that agencies do not receive deference when interpreting regulations promulgated by other agencies, *see L.D.G. v. Holder*, 744 F.3d 1022, 1028-1029 (7th Cir. 2014), is inapplicable because the INS and the BIA were both arms of the Department of Justice when the regulation was promulgated and *Matter of Adeniji* was decided. Thus, because the relevant regulation on bond hearings is silent on the burden of proof, the BIA is entitled to deference in its reasonable interpretation of that regulation as incorporating the standards described in 8 C.F.R. § 236.1(c)(8). *See Cabrera v. Lynch*, 805 F.3d 391, 393 (1st Cir. 2015).

Apart from evidence of a gang affiliation,[2] the Immigration Judge relied on the fact that between December of 2014 and March of 2016 Maldonado-Velasquez was "apprehended on at least four occasions and faced nine criminal or juvenile charges." Dkt 1-14 at 3. Those charges included carrying a dangerous weapon, carrying a dangerous weapon on school grounds, possession of a controlled substance, possession of ammunition, and assault with a dangerous weapon. The Immigration Judge concluded that this history of arrests "suggests a consistent disrespect for the law and raises . . . concerns that he poses a danger to the community." *Id*. The BIA, for its part, determined that "the evidence in the record about the respondent's numerous arrests on serious charges is sufficient to support" the Immigration Judge's finding of dangerousness. Dkt 1-16 at 2. This court sees no reasonable basis for believing that this conclusion would be altered by shifting the burden to the government to re-introduce this same evidence at a new bond hearing. A central factor in weighing an alien's bond request is "the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Matter of*

---

[2] Maldonado-Velasquez contested the veracity of this evidence before the Immigration Judge, and the BIA disclaimed reliance on it in affirming the Immigration Judge's ruling (though Maldonado-Velasquez argues that the BIA's disclaimer does not match its reasoning).

*Guerra*, 24 I. & N. Dec. at 40. And in making dangerousness determinations, immigration judges are permitted to consider juvenile offenses or conduct that did not result in a conviction. *Id.* at 40-41.[3]

Maldonado-Velasquez suggests that a prejudice analysis is inappropriate because a misallocation of the burden of proof is a structural error, and thus "per se prejudicial." *Wilder v. United States*, 806 F.3d 653, 658 (1st Cir. 2015). Even assuming such a misallocation occurred here, structural error is a concept that attaches only in criminal proceedings. *See Al Haramain Islamic Found., Inc. v. U.S. Dep't of Treasury*, 686 F.3d 965, 988 (9th Cir. 2012) ("The Supreme Court has never held that an error in the *civil* context is structural."). The doctrine thus has no application in this civil immigration matter.

Turning briefly to the merits, I note that the Supreme Court has routinely reviewed immigration detention cases without intimating that the government bears a clear and convincing evidence burden of proof. Maldonado-Velasquez relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001),

---

[3] Maldonado-Velasquez submitted mitigating evidence in the form of testimonial letters from his probation officer, teachers, and foster parent. Neither the Immigration Judge nor the BIA found the letters a convincing counterbalance to Maldonado-Velasquez's criminal record, and there is likewise no reason to believe this conclusion would change at a second hearing.

where the Court addressed the detention of individuals subject to a final removal order and who were awaiting deportation. The *Zadvydas* Court did state that "preventive detention based on dangerousness" is "limited to specially dangerous individuals and subject to strong procedural protections." *Id.* at 691. The Court also stated that the post-removal order bond hearing regulations placing the burden of proof on the alien raised due process concerns, given that 8 U.S.C. § 1231 makes detention mandatory after the entry of a final order of removal. *Id.* at 691-692. The Court, however, emphasized that its concerns stemmed from the "potentially *indefinite* duration" of the period of post-removal order detention, *id.* at 691, without any further judicial review, *id.* at 692 ("The serious constitutional problem arising out of a statute that, in these circumstances, permits an indefinite, perhaps permanent, deprivation of human liberty without [judicial review] is obvious.").

But unlike the petitioner in *Zadvydas*, Maldonado-Velasquez is not subject to a final order of removal or potentially indefinite detention. Moreover, *Zadvydas* itself says nothing about placing the burden for a detention based on dangerousness on the government. Its only mention of the burden of proof in detention proceedings places on the alien the initial burden in a habeas hearing of "provid[ing] good reason to believe that there

7

is no significant likelihood of removal in the reasonably foreseeable future." *Id.* at 701; *see, e.g.*, *Jackson v. Lynch*, 2017 WL 3023614, at *3-4 (M.D. Pa. June 17, 2017) (applying the *Zadvydas* framework); *Crespin v. Evans*, \_\_ F. Supp. 3d \_\_, \_\_, 2017 WL 2385330, at *6-7 (E.D. Va. 2017) (same). It is only once that burden is met that immigration regulations place the burden of proof on the government by clear and convincing evidence to justify continuation of a potentially indefinite detention. *See* 8 C.F.R. § 1241.14(i)(1).

Similarly, in *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court addressed the mandatory detention during removal proceedings of aliens convicted of certain crimes, as required by 8 U.S.C. § 1226(c). In *Demore*, the Justices iterated the "Court's longstanding view that the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings." *Id.* at 526. Thus, the Court held, the government may detain aliens under § 1226(c) with no bond hearing at all, much less one at which the government bears the burden of proof by clear and convincing evidence.[4] *Id.* at 531.

---

[4] Subsequent cases have emphasized that this detention can only occur for a reasonable period of time, *see Reid*, 819 F.3d at 502, but that conclusion has little relevance to an attempt to shift the burden of demonstrating dangerousness to the government. A reasonable period of time under the approach adopted in *Reid* can also vary substantially depending on the

*Zadvydas* and *Demore* illustrate that the cases Maldonado-Velasquez cites requiring the government to bear the burden for dangerousness detention by clear and convincing evidence are not readily applicable in a civil immigration context. *See, e.g.*, *Foucha v. Louisiana*, 504 U.S. 71, 81-83 (1992). Without attempting to predict the Supreme Court's ultimate resolution of *Jennings*, it might be reasonable to suppose that a petitioner in Maldonado-Velasquez's circumstances is entitled to something more than the alien in *Demore* (no hearing at all), and less than the alien in *Zadvydas* (a hearing in which the government bears the burden of justifying indefinite detention by clear and convincing evidence). But beyond that guess, there is no reason to venture further. Maldonado-Velasquez did receive a hearing and under any conceivable allocation of the burden of proof that hearing demonstrated his ineligibility for release.

ORDER

For the foregoing reasons, the government's motion to dismiss (Dkt #8) is <u>GRANTED</u>, and the petition is <u>DISMISSED</u>. The clerk is directed to enter the dismissal and close the case.

---

circumstances of a petitioner's case. *See, e.g.*, *Dilone v. Shanahan*, 2013 WL 5604345, at *4 (D.N.J. Oct. 11, 2013) (one year not unreasonable); *Zaoui v. Horgan*, 2013 WL 5615913, at *3 (D. Mass. Aug. 23, 2013) (eight months not unreasonable).

SO ORDERED.

/s/ Richard G. Stearns
_____
UNITED STATES DISTRICT JUDGE